IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> THOMAS DAYMOND ARMS, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE <br><br><br><br><br><br> Case No. 2:02-CR-420 TS |

This matter is before the Court on Defendant Thomas Daymond Arms' *Pro Se* Motion for

Early Termination of Supervised Release.[1]  The government filed a response.  On May 1, 2006,

the Court held a hearing on the instant Motion and heard argument thereon.  The government was

represented by Mark Hirata, and Defendant represented himself.  As stated by the Court at the

conclusion of the hearing, the Court will grant Defendant's Motion for early release, but will

continue Defendant's financial obligation for restitution.

---

[1] The Court notes that Defendant's Motion is styled as a motion relating to probation, but that Defendant is on supervised release, rather than probation.  Therefore, the Court construes the Motion accordingly.

BACKGROUND

On December 10, 2003, Defendant was sentenced to six months in the custody of the Bureau of Prisons, with credit for time served. Defendant was also placed on supervised release for a period of 36 months. Defendant was also ordered to maintain employment, submit to drug/alcohol testing, and pay $18,044.56 in restitution, jointly and severally with his co-defendants. Judgment was entered on December 15, 2003. Defendant began his term of supervised release in December 2003, and is scheduled to complete his term in December 2006.

DISCUSSION

18 U.S.C. §§ 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising officer. It has been represented to the Court that Defendant has been fully compliant with all the terms of his supervised release, has completed drug counseling, and has had no violations. In addition, he has made regular payments toward restitution, and has paid more than his proportional percentage of the total restitution amount, although restitution has not been paid in full. This supervision history has resulted in a favorable recommendation from Defendant's supervising officer.

Therefore, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice. However, the Court will continue to hold Defendant accountable for regular payments on his restitution, jointly and severally with his co-defendants. As noted at the hearing, the Court is open to revisiting the issue in the event that Defendant's continued payment toward restitution becomes inequitable in relation to his co-defendants over a period of time. The Court also encourages Defendant to seek regular accounting of the payments toward restitution by his co-defendants.

### CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 602) is GRANTED; it is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately, subject to his continued payments toward restitution, and this case shall be closed.

SO ORDERED.

DATED this 2nd day of May, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

3